UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL A. WARD, | : | |
| | : | |
| Petitioner, | : | Civ. No. 21-6122 (RBK) |
| | : | |
| v. | : | |
| | : | |
| DAVID E. ORTIZ, | : | **MEMORANDUM & ORDER** |
| | : | |
| Respondent. | : | |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Presently pending before this Court is Petitioner's motion to strike Respondent's response in opposition to his habeas petition because it was filed one day late. For the following reasons, Petitioner's motion is denied.

On July 7, 2021, this Court ordered Respondent to respond within sixty (60) days to Petitioner's habeas petition. (*See* Dkt. No. 4). Due to the Labor Day holiday, Petitioner's response was due on or before September 7, 2021. *See* Fed. R. Civ. P. 6(a)(1)(C). Respondent filed its response in opposition to the habeas petition though one day late, on September 8, 2021. (*See* Dkt. No. 6). Along with the response, Respondent included a letter seeking leave of this Court to file his response out of time *nunc pro tunc*. (*See* Dkt. No. 6-5). Respondent indicated at that time the reason for the late filing was he had a potential issue with one of the attached exhibits. (*See id.*). Thereafter, Petitioner filed a motion to strike Respondent's response due its untimeliness by one day. (*See* Dkt. No. 7).

Striking a habeas response is "an extreme measure, and, as a result, ... '[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" *Victor v. Varano*, No. 11-2000, 2012 WL 3637364, at *1 (M.D. Pa. Aug. 22, 2012) (quoting *Lunsford v.*

*United States,* 570 F.2d 221, 229 (8th Cir. 1977) (citing 5 *Wright & Miller, Federal Practice and Procedure Civil* § 1380 (1969))). Courts should exercise discretion and grant a motion to strike only when the response is both "'redundant, immaterial, impertinent, or scandalous' and prejudicial to the opposing party." *Victor*, 2012 WL 3637364, at *1 (citing *Ruby v. Davis Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001)).

This Court will grant Respondent's request to file its response one-day late and deny Petitioner's motion to strike. This Court does not find that any prejudice Petitioner may have suffered due to this one-day delay is enough for this Court to award him the drastic remedy of striking Respondent's entire response. Indeed, courts should try to resolve habeas claims on the merits whenever possible. *See Victor*, 2012 WL 3637364, at *1. Petitioner though shall be given an additional sixty (60) days in which to file his reply in support of his habeas petition should he elect to do so.

Accordingly, IT IS on this 22nd day of February, 2022,

ORDERED that Respondent's request to file its response one-day late *nunc pro tunc* (Dkt. No. 6-5) is granted; Respondent's response is therefore considered timely; and it is further

ORDERED that Petitioner's motion to strike Respondent's response to his habeas petition (Dkt. No. 7) is denied; and it is further

ORDERED that Petitioner shall have sixty (60) days from the date of this order in which to file a reply in support of his habeas petition should he elect to do so; and it is further

ORDERED that the Clerk shall serve this memorandum and order on Petitioner by regular U.S. mail.

s/ Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge